UNITED STATES of America ex rel.
Thomas MARINO, Appellant,

v.

D. N. MYERS, Superintendent, State Correctional Institution at Graterford, Pennsylvania.

No. 16493.

United States Court of Appeals
Third Circuit.

Argued Oct. 6, 1967.

Decided Oct. 24, 1967.

Matthew J. Ryan, III, Duffy, Galbally, Anderson & O'Brien, Philadelphia, Pa., for appellant.

Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa., (Charles A. Haddad, Asst. Dist. Atty., Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial by the district court, 261 F.Supp. 151, of a writ of habeas corpus sought by the relator, who had been convicted of murder in the first degree in a Pennsylvania court and is now serving a term of imprisonment for life. The sole basis alleged for the writ is that evidence of prior criminal convictions was admitted at his trial for the purpose of assisting the jury in fixing the penalty, as authorized by Commonwealth v. Parker, 1928, 294 Pa. 144, 143 A. 904, and that this seriously prejudiced the jury in considering his guilt. The district court in a careful opinion held that serious prejudice did not result, 1966, 261 F.Supp. 151, agreeing in that regard with the opinion of the Supreme Court of Pennsylvania in a prior habeas corpus proceeding brought by the relator in Pennsylvania, Commonwealth ex rel. Marino v. Myers, 1965, 419 Pa. 448, 214 A.2d 491.

After the district court acted in this case the Supreme Court of the United States in Rundle, Correctional Superintendent v. Johnson, 1967, 386 U.S. 14, 87 S.Ct. 847, 17 L.Ed.2d 695, following Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, held that the introduction in a murder trial of evidence of prior convictions, as authorized by the Parker case, does not violate the due process clause. The district court was, therefore, right in any event in denying the writ.

The order of the district court will be affirmed.